# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen Lord,                                      :
                              Petitioner           :
                                                   :
            v.                                     :   No. 1207 C.D. 2022
                                                   :   Submitted:  May 26, 2023
Allied Construction Services II                    :
(Workers' Compensation                             :
Appeal Board),                                     :
                              Respondent           :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER          FILED:  August 24, 2023**


Stephen Lord (Claimant) petitions for review of an October 7, 2022 Order of the Workers' Compensation Appeal Board (Board) that affirmed the April 12, 2022 Decision of a Workers' Compensation Judge (WCJ), granting the Modification Petition filed by Allied Construction Services II (Employer) and modifying Claimant's disability status from temporary total disability (TTD) to temporary partial disability (TPD) based upon an impairment rating evaluation (IRE) performed under Section 306(a.3) of the Workers' Compensation Act (WC Act),[1] which was added by Section 1 of the Act of October 24, 2018, P.L. 714, No. 111

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 511.3.

(Act 111).[2]  Claimant argues[3] applying Act 111 to a claim such as his, where the injury occurred before Act 111's effective date, divests Claimant of a vested property right in violation of the right to due course of law under the Remedies Clause of article I, section 11 of the Pennsylvania Constitution, PA. CONST. art. I, § 11.[4]  Claimant also argues Act 111 is an unconstitutional delegation of legislative authority.  Consistent with this Court's precedent rejecting these same arguments, we affirm the Board's Order.

The instant matter raises purely legal issues, and the pertinent facts are not in dispute.  On October 24, 2012, Claimant suffered a work injury to his right index finger, thumb, middle, and ring fingers, which Employer accepted through an Amended Notice of Temporary Compensation Payable.  (WCJ Decision, Finding of Fact (FOF) ¶ 1.)  On September 17, 2019, Claimant underwent an IRE by Daisy A. Rodriguez, M.D.  (*Id.* ¶ 9(c).)  Based on Dr. Rodriguez's evaluation, Dr. Rodriguez determined Claimant had a whole-body impairment of 32% using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, sixth edition, second printing (*Guides*).[5]  (*Id.* ¶¶ 9(a), (i), 15.)  Thereafter, Employer filed

---

[2] Employer also had filed a petition for modification based upon a labor market survey, which the WCJ denied and dismissed.  That ruling has not been appealed.

[3] We have combined Claimant's arguments for ease of discussion.

[4] The Remedies Clause provides, in relevant part:

All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. . . .

PA. CONST. art. I, § 11.

[5] Dr. Rodriguez's initial report incorrectly stated Claimant's whole-body impairment was 26%, which Dr. Rodriguez corrected during her deposition testimony and in a supplemental report.  (FOF ¶¶ 9(i), 15.)

the Modification Petition, seeking to have Claimant's benefits changed from TTD to TPD based upon the IRE.

Before the WCJ, Employer submitted the deposition testimony of Dr. Rodriguez, which detailed the IRE and her opinions. Claimant did not offer any medical evidence to challenge the impairment rating and, instead, argued the IRE was unconstitutional. The WCJ noted Claimant's constitutional arguments, but found they were outside the WCJ's purview. (*Id.* ¶ 16.) The WCJ further found Dr. Rodriguez's testimony credible. (*Id.*) Accordingly, the WCJ granted Employer's Modification Petition and modified Claimant's disability status as of the date of the IRE. (WCJ's Order.)

Claimant appealed to the Board arguing Act 111 is unconstitutional on its face and as applied to Claimant. Noting, like the WCJ, that constitutional issues are outside its purview, the Board nonetheless stated it was proper for it to apply appellate court precedent that has addressed constitutional issues. Applying that precedent, which included this Court's decisions in *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021), and *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019), *affirmed*, (Pa., No. 88 MAP 2019, filed August 18, 2020), the Board concluded Claimant's arguments were previously addressed and rejected by the Court and, therefore, affirmed the WCJ's Decision.

Thereafter, Claimant filed a timely Petition for Review with this Court.[6] Claimant argues applying Act 111 to him violates his vested right under the

---

[6] Our review is limited to determining whether constitutional rights were violated, whether errors of law were committed, or whether necessary findings of fact are supported by substantial **(Footnote continued on next page…)**

3

Remedies Clause to be free from the IRE process. Claimant contends the Supreme Court's decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017), which declared the former IRE provision found in former Section 306(a.2) of the WC Act, *formerly* 77 P.S. § 511.2,[7] unconstitutional, "created a 'vested right'[] in the form of a legal exemption from the IRE process, even for claimants who had already received 104 weeks of TTD benefits." (Claimant's Brief at 9.) Claimant "acknowledges his workers' compensation benefits are subject to modification[,]" but contends doing so through the IRE process violates his vested rights. (*Id*.) Claimant further asserts that Act 111 does not contain a retroactivity clause or otherwise sufficiently indicate an intention by the General Assembly that it is to be applied retroactively. At best, Claimant argues "Section 3 of Act 111 contemplates the re-calculation of partial disability benefits awarded before its effective date," which is "hardly sufficient to conclude that the legislature intended the IRE provisions of Act 111 to apply retroactively." (*Id.* at 11.) Finally, Claimant asserts Act 111, like its predecessor, is an unconstitutional delegation of legislative authority and should also be struck down.

Employer responds that this Court has previously rejected all of the arguments Claimant is raising, and to date, the Supreme Court has not overturned any of those decisions. Thus, the Court should affirm on that basis.

Numerous opinions of this Court have discussed the history of modification of a claimant's benefits through the use of the IRE process, both under the former

---

evidence. *Universal Am-Can, Ltd. v. Workers' Comp. Appeal Bd. (Minteer)*, 762 A.2d 328, 331 n.2 (Pa. 2000).

[7] Former Section 306(a.2) was added by Section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by Act 111.

4

IRE process invalidated by *Protz* and under the more recently enacted Act 111. Thus, it is unnecessary to set it forth exhaustively again. It is sufficient to say that Act 111 reenacted many of the IRE provisions,[8] and all parties, whether a claimant, an employer, or an insurer, have been challenging Act 111 since.

Although Claimant does not cite to any of this Court's recent precedent, that precedent squarely addresses the very arguments Claimant raises within. In *Pierson*, the claimant underwent an IRE and had his disability status modified to partial after the enactment of Act 111. The claimant in *Pierson* argued Act 111 was a substantive, not a procedural change in the law and, thus, could not be applied retroactively without violating his vested right in benefits as secured by the Remedies Clause. This Court rejected those arguments, holding that the claimant's "'vested rights' have not been abrogated by Act 111," 252 A.3d at 1180, because "there are reasonable expectations under the Act that benefits may change," *id.* at 1179. We explained that Act 111 did not automatically strip a claimant of any rights; rather, Act 111 provided employers with a mechanism to modify a claimant's disability status from total to partial. *Id.* The Court has repeatedly declined to revisit our holding in *Pierson*. *See, e.g.*, *Burkett v. Jimi Enters., Inc (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 41 C.D. 2022, filed June 26, 2023), slip op. at 9-11; *Tedesco v. Kane Freight Lines, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1270 C.D. 2021, filed May 19, 2023), slip op. at 11-12; *Leissner v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1451 C.D. 2021, filed May 17,

---

[8] Act 111 differed from its predecessor in a few significant regards. First, it specified that IREs were to be performed using the sixth edition, second printing April 2009 version of the *Guides*, instead of "the most recent edition of the . . . *Guides*," as the former IRE provision did. *Compare* 77 P.S. § 511.3, *with former* 77 P.S. § 511.2. Second, claimants are now presumed to be totally disabled if their impairment rating is greater than or equal to 35%, whereas under the former IRE provision, the threshold was 50%. *Compare* 77 P.S. § 511.3(2), *with former* 77 P.S. § 511.2(2).

5

2023), slip op. at 3-4; *DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 435 (Pa. Cmwlth. 2022), *appeal denied* (Pa., No. 191 WAL 2022, filed Jan. 3, 2023); *Yuille v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 490 C.D. 2022, filed Jan. 31, 2023), slip op. at 7-8; *City of Pittsburgh v. Dobbs (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1431 C.D. 2021, filed Jan. 27, 2023), slip op. at 9-10, *petition for allowance of appeal filed* (Pa., No. 87 WAL 2023, Apr. 24, 2023); *Harold v. Abate Irwin, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 879 C.D. 2021, filed June 13, 2022), slip op. at 7-8, *appeal denied* (Pa., No. 192 WAL 2022, filed Jan. 3, 2023); *Hazzouri v. Pa. Tpk. Comm'n (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 889 C.D. 2021, filed Apr. 28, 2022), slip op. at 7-8, *appeal denied* (Pa., No. 223 MAL 2022, filed Nov. 22, 2022); *Bundschuh v. Gwynedd Veterinary Hosp., Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 556 C.D. 2021, filed Apr. 11, 2022), slip op. at 7-8, *appeal denied* (Pa., No. 184 MAL 2022, filed Sept. 7, 2022); *Sochko v. Nat'l Express Transit Serv. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 490 C.D. 2021, filed Mar. 16, 2022), slip op. at 9-10, 13; *Hender-Moody v. Am. Heritage Fed. Credit Union (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 166 C.D. 2021, filed Feb. 15, 2022), slip op. at 5-7, *appeal denied* (Pa., No. 127 MAL 2022, filed Aug. 23, 2022); *Sobol v. Select Med. Corp. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 799 C.D. 2021, filed May 18, 2022), slip op. at 4-5; *Tufano v. Tammy L. Clause, P.C. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 803 C.D. 2021, filed May 13, 2022), slip op. at 9, *appeal denied* (Pa., No. 254 MAL 2022, filed Nov. 21, 2022); *Dohn v. Beck N' Call (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 103 C.D. 2021, filed Sept. 20, 2021), slip op. at 9-10, *appeal denied* (Pa., No. 575 MAL 2021,

filed Mar. 14, 2022).[9]  "Because our analysis in *Pierson* [and its progeny] is directly applicable and controlling here, we reject Claimant's constitutional challenges to Act 111."  *Hender-Moody*, slip op. at 7.

Claimant's argument that Act 111 constitutes an unconstitutional delegation of legislative authority has likewise been previously decided by this Court in *AFL-CIO*.  Similar to the Court's holding in *Pierson*, the Court's holding in *AFL-CIO* has been reaffirmed a number of times.  *See, e.g.*, *Tedesco*, slip op. at 10; *Nadolsky v. UPMC Altoona Reg'l Health Sys. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1366 C.D. 2021, filed May 17, 2023), slip op. at 6-9, *petition for allowance of appeal filed* (Pa., No. 143 WAL 2023, filed June 12, 2023); *Hutchinson v. Annville Twp. (Workers' Comp. Appeal Bd.)*, 260 A.3d 360, 366 (Pa. Cmwlth. 2021), *appeal denied* (Pa., Nos. 489 & 490 MAL 2021, filed June 7, 2022); *Pierson*, 252 A.3d at 1179.

In short, because our analysis in those cases is directly applicable and controlling, we affirm the Board's Order.

------

**RENÉE COHN JUBELIRER,** President Judge

------

[9] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen Lord,                  :
            Petitioner       :
                          :
          v.                  :    No. 1207 C.D. 2022
                          :
Allied Construction Services II    :
(Workers' Compensation         :
Appeal Board),                :
            Respondent    :

# O R D E R

**NOW**, August 24, 2023, the Order of the Workers' Compensation Appeal Board, dated October 7, 2022, is **AFFIRMED**.

 

 

                                     _____

                                     **RENÉE COHN JUBELIRER,** President Judge